In the Matter of the Claim of VINCENZO ORLANDO, Respondent, against HYMAN ROSEN and MARYLAND CASUALTY COMPANY, Appellants. ZACH FISHKIN and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Question is coverage. The original policy was written to expire on "Nov. 11th, 1934, at twelve and one minute o'clock A. M. standard time." By a rider the policy was extended "for a period of One (1) Month, to expire on December 11th 1934. * * * Subject otherwise to all the terms, limits and conditions of the policy to which this endorsement is attested." Claimant was injured at two P. M. on December 11, 1934. The policy had expired some hours earlier. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents on the ground that the policy of the United States Fidelity and Guaranty Company did not expire until the end of December 11, 1934.

In the Matter of the Claim of SAMUEL GARELICK, Respondent, against HYMAN ROSEN and MARYLAND CASUALTY COMPANY, Appellants. ZACH FISHKIN and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— The statement in Matter of Orlando v. Rosen [ante, p. 924], decided herewith, is applicable to this case. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Bliss JJ., concur; Rhodes, J., dissents on the ground stated in his dissent in Matter of Orlando v. Rosen [ante, p. 924], decided herewith.